**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4561**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER COBB,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-cr-00419-BR-1)

Submitted:  September 10, 2020                    Decided:  September 22, 2020

Before AGEE and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Amos G. Tyndall, PARRY TYNDALL WHITE, Chapel Hill, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Cobb pleaded guilty pursuant to a plea agreement to two counts of interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a). The district court determined that the Hobbs Act robbery convictions were "crimes of violence" under the Sentencing Guidelines, *see* U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2(a) (2016), and sentenced Cobb accordingly as a career offender to 170 months in prison.

Cobb's sole argument on appeal is that his trial counsel provided ineffective assistance at sentencing by failing to argue that Cobb was not a career offender because his Hobbs Act robbery offenses were not "crimes of violence" under the Guidelines.[*] We generally do not address claims of ineffective assistance on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). Instead, to allow for adequate development of the record, such claims should be raised in a motion brought under 28 U.S.C. § 2255. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). An exception exists where "an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016), but the record before us does not conclusively establish ineffective assistance of counsel. We therefore conclude that Cobb's claim should be raised, if at all, in a § 2255 motion.

---

[*] We previously denied the Government's motion to dismiss this appeal as barred by the appellate waiver in the plea agreement. *United States v. Cobb*, No. 18-4561 (4th Cir. May 9, 2019).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*